UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MANUEL A. VEGA and<br>VICTOR D. SAUCEDO<br><br>  Plaintiffs,<br><br>vs<br><br>FRUTCAMPO, LLC,<br>FRUTCAMPO TRANSPORT LLC,<br>JAVIER GUERRERO ARREGUIN, and<br>DANA MARTINEZ<br><br>  Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

PRELIMINARY STATEMENT

1. This is an action for damages and equitable relief brought by Plaintiffs Manuel A. Vega and Victor D. Saucedo against their former employers, a produce wholesale and distributor company. This action is based on Defendants' failure to pay Plaintiffs the minimum wage and overtime pay; in violation of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("**FLSA**"), and the Texas Minimum Wage Act, Tex. Lab. Code § 62 *et seq*. ("**TMWA**"). Plaintiffs also bring claims for (1) breach of contract, (2) *quantum meruit*, and (3) unjust enrichment. Plaintiffs further allege that, pursuant to the FLSA, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and postjudgment interests; and (5) attorney's fees and costs.

JURISDICTION

2. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the following:

    a. 28 U.S.C. § 1311 (Federal Question);

    b. 28 U.S.C. 1337 (Interstate Commerce); and

    c. 29 U.S.C. § 216(b) (FLSA).

3. This Court has supplemental jurisdiction over Plaintiffs' Texas state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to their federal claims that they form part of the same case or controversy.

4. The Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper because Defendants' principal place of business is in Hidalgo County, Texas, and all or a substantial part of the acts or omissions giving rise to the Plaintiffs' causes of action occurred in or around Hidalgo County, Texas. For the foregoing reasons, venue is proper in this District and Division under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Manuel A. Vega (hereinafter, "**Vega**") is an individual residing in Hidalgo County, Texas.

7. Plaintiff Victor D. Saucedo (hereinafter, "**Saucedo**") is an individual residing in Hidalgo County, Texas.

8. Defendant Frutcampo, LLC (hereinafter, "**Frutcampo**") is a for-profit corporation organized under the laws of the state of Texas and doing business in Hidalgo County, Texas.

9. Defendant Frutcampo Transport LLC (hereinafter, "**Transport**") is a for-profit corporation organized under the laws of the state of Texas and doing business in Hidalgo County, Texas.

10. Defendant Javier Guerrero Arreguin (hereinafter, "**Guerrero**") is the owner, operator, and managing member of Frutcampo and the owner, operator, managing member, and registered agent of Transport.

11. Defendant Dana Martinez (hereinafter, "**Martinez**") is an individual residing in Hidalgo County, Texas.

## CONDITIONS PRECEDENT

12. All conditions precedent have been performed or have occurred.

## FACTS

13. Defendant Frutcampo was an "employer" of Plaintiff Vega as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from July 2015 until October 2016.

14. Defendant Transport was an "employer" of Plaintiff Vega as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from July 2015 until October 2016.

15. Defendant Guerrero was an "employer" of Plaintiff Vega as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from July 2015 until October 2016.

16. Defendant Martinez was an "employer" of Plaintiff Vega as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from July 2015 until October 2016.

17. Defendant Guerrero had managerial responsibilities and substantial control of the terms and conditions of Plaintiffs Vega's work for Frutcampo and Transport. Defendant Guerrero acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Vega.

18. Defendant Martinez had managerial responsibilities and substantial control of the terms and conditions of Plaintiff Vega's work for Frutcampo and Transport. Defendant Martinez acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Vega.

19. From the beginning of Plaintiff Vega's employment at Frutcampo until October 2016, as a matter of economic reality, Frutcampo employed Vega within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). From the beginning of Vega's employment at Frutcampo until in or around October 2016, Frutcampo acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Vega. Facts demonstrating that Frutcampo was Vega's employer include, but are not limited to, as follows:

    a. Frutcampo or its agents possessed the authority to hire and fire Vega from the beginning of his employment at Frutcampo until in or around October 2016.

    b. Plaintiff Vega received instruction from Frutcampo or its agents from the beginning of Vega's employment at Frutcampo until in or around October 2016.

    c. Plaintiff Vega was economically dependent on Frutcampo or its agents for the terms and conditions of her employment from the beginning of Vega's employment at Frutcampo until in or around October 2016.

    d. Frutcampo or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff Vega, including scheduling, timekeeping, payroll, and disciplinary practices from the beginning of Plaintiff Vega's employment at Frutcampo until in or around October 2016.

20. From the beginning of Plaintiff Vega's employment at Transport until October 2016, as a matter of economic reality, Transport employed Vega within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). From the beginning of Vega's employment at Transport until in

or around October 2016, Transport acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Vega. Facts demonstrating that Transport was Vega's employer include, but are not limited to, as follows:

   a. Transport or its agents possessed the authority to hire and fire Vega from the beginning of his employment at Transport until in or around October 2016.

   b. Plaintiff Vega received instruction from Transport or its agents from the beginning of Vega's employment at Transport until in or around October 2016.

   c. Plaintiff Vega was economically dependent on Transport or its agents for the terms and conditions of her employment from the beginning of Vega's employment at Transport until in or around October 2016.

   d. Transport or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff Vega, including scheduling, timekeeping, payroll, and disciplinary practices from the beginning of Plaintiff Vega's employment at Transport until in or around October 2016.

21. Plaintiff Vega was the "employee" of Defendant Frutcampo within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from July 2015 through October 2016.

22. Plaintiff Vega was the "employee" of Defendant Transport within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from July 2015 through October 2016.

23. Plaintiff Vega was the "employee" of Defendant Guerrero within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from July 2015 through October 2016.

24. Plaintiff Vega was the "employee" of Defendant Martinez within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from July 2015 through October 2016.

25. Defendant Frutcampo was an "employer" of Plaintiff Saucedo as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from October 2015 until November 2016.

26. Defendant Transport was an "employer" of Plaintiff Saucedo as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from October 2015 until November 2016.

27. Defendant Guerrero was an "employer" of Plaintiff Saucedo as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from October 2015 until November 2016.

28. Defendant Martinez was an "employer" of Plaintiff Saucedo as that term is defined in 29 U.S.C. § 203(d) and Tex. Lab. Code § 62.002(6) from October 2015 until November 2016.

29. Defendant Guerrero had managerial responsibilities and substantial control of the terms and conditions of Plaintiff Saucedo's work for Frutcampo and Transport. Defendant Guerrero acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Saucedo.

30. Defendant Martinez had managerial responsibilities and substantial control of the terms and conditions of Plaintiff Saucedo's work for Frutcampo and Transport. Defendant Guerrero acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Saucedo.

31. From the beginning of Plaintiff Saucedo's employment at Frutcampo until November 2016, as a matter of economic reality, Frutcampo employed Saucedo within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). From the beginning of Saucedo's employment at Frutcampo until in or around November 2016, Frutcampo acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Saucedo. Facts demonstrating that Frutcampo was Saucedo's employer include, but are not limited to, as follows:

    a. Frutcampo or its agents possessed the authority to hire and fire Saucedo from the beginning of his employment at Frutcampo until in or around November 2016.

    b. Plaintiff Saucedo received instruction from Frutcampo or its agents from the beginning of Saucedo's employment at Frutcampo until in or around November 2016.

    c. Plaintiff Saucedo was economically dependent on Frutcampo or its agents for the terms and conditions of her employment from the beginning of Saucedo's employment at Frutcampo until in or around November 2016.

    d. Frutcampo or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff Saucedo, including scheduling, timekeeping, payroll, and disciplinary practices from the beginning of Plaintiff Saucedo's employment at Frutcampo until in or around November 2016.

32. From the beginning of Plaintiff Saucedo's employment at Transport until November 2016, as a matter of economic reality, Transport employed Saucedo within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g). From the beginning of Saucedo's employment at Transport until in or around November 2016, Transport acted, directly or indirectly, in the interest of an employer with respect to Plaintiff Saucedo. Facts demonstrating that Transport was Saucedo's employer include, but are not limited to, as follows:

    a. Transport or its agents possessed the authority to hire and fire Saucedo from the beginning of his employment at Transport until in or around November 2016.

    b. Plaintiff Saucedo received instruction from Transport or its agents from the beginning of Saucedo's employment at Transport until in or around November 2016.

    c. Plaintiff Saucedo was economically dependent on Transport or its agents for the terms and conditions of her employment from the beginning of Saucedo's employment at Transport until in or around November 2016.

    d. Transport or its agents possessed and exercised the authority to control the employment rules and policies applicable to Plaintiff Saucedo, including scheduling, timekeeping, payroll, and disciplinary practices from the beginning of Plaintiff Saucedo's employment at Transport until in or around November 2016.

33. Plaintiff Saucedo was the "employee" of Defendant Frutcampo within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from October 2015 through November 2016.

34. Plaintiff Saucedo was the "employee" of Defendant Transport within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from October 2015 through November 2016.

35. Plaintiff Saucedo was the "employee" of Defendant Guerrero within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from October 2015 through November 2016.

36. Plaintiff Saucedo was the "employee" of Defendant Martinez within the meaning of 29 U.S.C. § 203(e) and Tex. Lab. Code § 62.002(5) from October 2015 through November 2016.

37. At all times relevant to this action, Defendants operated as an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

38. On information and belief, at all times relevant to this action, the enterprise that includes Defendants' produce operations included the warehouse of Frutcampo and the transportation trailers of Transport because those locations were being jointly operated and managed as an integrated economic unit and enterprise by the Defendants.

39. During Vega's and Saucedo's employment by the Defendants, Plaintiffs were engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(b).

40. Throughout Vega's and Saucedo's employment with Defendants, Plaintiffs handled goods or materials that had been moved in or produced for commerce, including but not limited to, wholesale produce (e.g. fruits and vegetables).

41. During Plaintiff Vega's employment by Defendants from July 2015 until October 2016, Plaintiff regularly worked in excess of 40 hours per workweek; more specifically, Plaintiff Vega regularly worked 70 to 80 hours per workweek.

42. During Plaintiff Saucedo's employment by Defendants from October 2015 until November 2016, Plaintiff regularly worked in excess of 40 hours per workweek; more specifically, Plaintiff Saucedo regularly worked 70 to 80 hours per workweek.

43. During Plaintiff Vega's employment by Defendants from July 2015 until October 2016, Defendants failed to pay Plaintiff Vega the federal and state minimum wage for the first 40 hours per workweek and failed to pay overtime for all of the hours over 40 hours in a workweek.

44. During Plaintiff Saucedo's employment by Defendants from October 2015 until November 2016, Defendants failed to pay Plaintiff Saucedo the federal and state minimum wage for the first 40 hours per workweek and failed to pay overtime for all of the hours over 40 hours in a workweek.

45. Upon information and belief, Defendants were aware of the federal minimum wage rate of $7.25 per hour and the requirement to pay a rate of not less than one and one-half times the regular rate for hours worked over forty.

46. Upon information and belief, Defendants were aware of Plaintiffs' total hours worked for Frutcampo, Transport, Guerrero, and Martinez.

47. During Plaintiff Vega's employment with Defendants, his hourly rate fell below $4.30 per hour during a 70 hour workweek and below $3.75 per hour during a 80 hour workweek.

48. During Plaintiff Saucedo's employment with Defendants, his hourly rate fell below $4.30 per hour during a 70 hour workweek and below $3.75 per hour during a 80 hour workweek.

49. Defendants failed to maintain full and accurate records of the hours actually worked by Plaintiffs as required by 29 U.S.C. § 215(a)(5).

50. Defendants failed to provide Plaintiffs with an earnings statement as required by Tex. Lab. Code § 62.003.

51. Defendants' failure to maintain records and provide Plaintiffs with a statement of their earnings thwarted Plaintiffs' ability to determine their wages and hours.

52. Defendants were aware or acted in reckless disregard for the fact that Plaintiffs were paid below the minimum wage.

53. Defendants were aware or acted in reckless disregard for the fact that Plaintiffs worked in excess of 40 hours per workweek and did not receive overtime pay.

54. Defendants' actions in failing to comply with the requirements of the Fair Labor Standards Act were willful.

55. Defendants' actions in failing to comply with the requirements of the Texas Minimum Wage Act were willful.

56. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA and TMWA.

57. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to the Plaintiffs are in the sole possession and custody of the Defendants. Plaintiffs intend to obtain these records, if any, by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the court to amend this Complaint to set forth the precise amount due.

58. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, and equal amount as liquidated damages, and prejudgment interest.

61. Defendants contracted with Plaintiffs to work at Frutcampo and Transport.

62. Plaintiff Vega performed this work from July 2015 until October 2016.

63. Plaintiff Saucedo performed this work from October 2015 until November 2016.

64. Defendants did not pay Plaintiffs for all their work.

65. In performing this work, Plaintiffs provided valuable services to Defendants.

66. Defendants accepted Plaintiffs' services under such circumstances that Defendants reasonably knew that Plaintiffs expected to be paid for their services.

67. Plaintiffs presented their contract claim to defendants and Defendants failed to tender the just amount due and owing within thirty days of that presentment.

## FIRST CAUSE OF ACTION (FLSA)

68. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

69. Defendants violated the FLSA, 29 U.S.C. § 206(a)(1), by failing to pay Plaintiff the federally mandated minimum wage of $7.25 per hour during each workweek.

70. Defendants violated FLSA, 29 U.S.C § 207(a)(1), by failing to pay Plaintiffs one and one-half times their regular rate for their work in excess of 40 hours during each workweek.

71. Defendants' failure to pay Plaintiffs as required by law was a willful violation of law, in that Defendants knew or showed reckless disregard for the issue of whether their conduct was prohibited under the FLSA.

72. The above-described actions of Defendants violated Plaintiffs' rights under the FLSA for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b). Plaintiffs attach hereto their consent to sue. *See* Exhibit A; Plaintiffs' signed Consent to Sue forms.

## SECOND CAUSE OF ACTION (TEXAS MINIMUM WAGE ACT)

73. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

74. Defendants failed to pay Plaintiffs the minimum wage for each hour worked, in violation of Tex. Lab. Code § 62.051.

75. The above described actions of Defendants violated Plaintiffs' rights under the Texas Minimum Wage Act for which Plaintiffs are entitled to relief pursuant to Tex. Lab. Code § 62.201.

76. Plaintiffs attach their verification for this cause of action. *See* Exhibit B; Plaintiffs' signed "Verification".

## THIRD CAUSE OF ACTION (BREACH OF CONTRACT)

77. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

78. The above described actions constitute a breach of contract for which Plaintiffs are entitled to damages.

FOURTH CAUSE OF ACTION (*QUANTUM MERUIT*)

79. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

80. If there is no contract covering Plaintiffs' work, Plaintiffs are entitled to damages pursuant to the common-law doctrine of *quantum meruit*.

FIFTH CAUSE OF ACTION (UNJUST ENRICHMENT)

81. Plaintiffs incorporate each of the foregoing paragraphs as if fully set forth herein.

82. If there is no contract covering Plaintiffs' work, Plaintiffs are entitled to damages pursuant to the common-law doctrine of unjust enrichment.

ATTORNEY FEES & COSTS

83. Plaintiffs are entitled to an award of attorney fees, costs, and expenses, pursuant to the FLSA and TMWA.

PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon trial of this action, this Court enter an order:

a) A declaratory judgment that the practices complained of are unlawful under the FLSA;

b) Granting judgement in favor of Plaintiffs—and against Defendants—on their Fair Labor Standards Act and Texas Minimum Wage Act claims;

c) Awarding Plaintiffs their unpaid minimum wages, overtime pay, and an equal amount of liquidated damages;

d) Awarding Plaintiffs their actual, incidental, and consequential damages resulting from Defendants' breach of contract;

e) Awarding Plaintiffs appropriate equitable relief;

e) Awarding Plaintiffs appropriate equitable relief;

f) Awarding Plaintiffs their reasonable attorney's fees, costs, and expenses associated with this action, to include expert fees;

g) Awarding Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

h) Such other and further relief as this Court determines to be just and proper.

Respectfully submitted,

RUBEN R. RAMIREZ LAW FIRM, PLLC
3321 W Alberta Rd., Ste. B
Edinburg, TX 78539
Tel: (956) 904-0099
Fax: (956) 999-8539

Ruben R. Ramirez
TX Bar No. 24089586
SD TX No. 3072484
rramirez@rgv.legal

Attorney for Plaintiffs Manuel A. Vega and Victor D. Saucedo